IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS UNIVERSITY,                                 ) | |
|       Plaintiff,                                           ) | |
| v.                                                              ) | Case No. |
| MICHAEL TODD RICE, M.D.,                      ) | **JURY TRIAL DEMANDED** |
| and                                                            ) | |
| MANDY RICE, D.O.,                                    ) | |
|       Defendants.                                     ) | |

## COMPLAINT

Comes now Plaintiff St. Louis University, and for its Petition against Defendants Michael Todd Rice, M.D. and Mandy Rice, D.O. states:

## PARTIES

1. Plaintiff St. Louis University d/b/a Saint Louis University ("SLU" or the "University") is a Missouri benevolent corporation with its principal place of business at 221 North Grand Blvd. in the City of St. Louis, Missouri.

2. Upon information and belief, Defendant Michael Todd Rice, M.D. is a resident of St. Louis County, Missouri.

3. Upon information and belief, Defendant Mandy Rice, D.O. is a resident of St. Louis County, Missouri.

## JURISDICTION AND VENUE

4. This is an action for dilution of SLU's trademarks and service marks under 15 U.S.C. § 1125(c) and Mo.Rev.Stat. § 417.061, cyberpiracy under 15 U.S.C. § 1125(d), and misuse of a benevolent society's name under Mo.Rev.Stat. § 417.150.1.

2239210

5. This Court has subject matter jurisdiction over the federal dilution and cyberpiracy claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338(a)–(b). This Court has supplemental jurisdiction over the claims arising under Missouri law pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the federal claims that they form part of the same case in controversy.

6. The Court has personal jurisdiction over Defendants because they reside and conduct business in the State of Missouri.

7. Venue is proper in this district under 28 U.S.C. § 1391 because Defendants reside in this district and a substantial part of the events giving rise to the claims occurred in this district.

**GENERAL ALLEGATIONS**

8. SLU is an institution of higher education of longstanding duration in St. Louis, Missouri. It is highly regarded by persons and businesses throughout St. Louis, has thousands of alumni, and it enjoys an exceptional reputation both locally and nationally.

9. As an educational institution and a brand, SLU has become highly recognizable, particularly in the United States by its name of incorporation (St. Louis University, in use since 1832), its brand name (Saint Louis University, in use since 1832) and its official abbreviated name (SLU, in use since 1950). Several of its marks are registered in the United States Patent and Trademark Office ("USPTO"), including SAINT LOUIS UNIVERSITY (No. 1,729,449, issued November 3, 1992) and SLU (No. 1,731,196, issued November 10, 1992), for use in connection with educational services (among other goods and services as well).

10. For many decades, SLU has been using the ST. LOUIS UNIVERSITY, SAINT LOUIS UNIVERSITY and SLU names and marks (collectively, the "SLU Marks" or the "Marks")

2

in the marketing and promotion of its educational services, including on its website. SLU's website, including the homepage (www.slu.edu) prominently display the SLU marks:



11. Among other things, SLU's website devotes multiple pages to its Office of University Compliance (https://www.slu.edu/general-counsel-home/compliance), which is responsible for University policies and regulatory compliance:



12. SLU offers undergraduate, graduate, and professional programs, including a doctoral medicine (M.D.) program at St. Louis University School of Medicine (the "School of Medicine"). In addition to training future physicians in its four-year M.D. degree program, the School of Medicine also sponsors postgraduate and residency programs for medical school

3

graduates. All of the School of Medicine's residency programs are approved and accredited by the Accreditation Council for Graduate Medical Education. SLU owns a registration for the mark SLUCARE, issued by the USPTO on February 18, 1997, for use in connection with the provision of medical care.

13.     Defendant Mandy Rice, D.O., is a resident in the surgery program at the School of Medicine. She is also the plaintiff in a civil lawsuit filed in St. Louis City Circuit Court arising out of the decision of her program's leadership that Mandy would have to repeat the fourth year of her surgical residency rather than being promoted to her fifth year of residency with the rest of her class, in which she seeks damages in excess of $25,000 against SLU.

14.     Shortly after Defendant Mandy Rice filed her lawsuit, SLU learned of the existence of a website titled "St. Louis University School of Medicine Compliance Project (SLUCP)" at slucomplianceproject.org ("Website"). The Website uses the SLU Marks extensively, including in its domain name along with non-identifying terminology, in an apparent attempt to confuse internet users who may be searching for SLU or its Office of University Compliance and to draw their attention away from SLU's educational services and provision of medical care to the issues of Mandy Rice's lawsuit and the Website authors' own "educational" services regarding a competing opinion on "compliance," all for Mandy Rice's personal gain.

15.     SLU also learned of a Facebook page named "St. Louis University Compliance Project (SLUCP)," which can be found at www.facebook.com/slucomplianceproject, and which also uses the SLU Marks extensively, including in the page ID ("Facebook Page") and also appears to be an attempt to "educate" persons searching the Internet for SLU or its Office of University Compliance as to the authors' own views as opposed to the educational services and/or provision of medical care offered by SLU.

16. Upon information and belief, the Website and Facebook Page are operated by Defendant Michael Todd Rice, with content supplied by or assistance from his wife, Defendant Mandy Rice.

17. On September 6, 2017, SLU contacted Defendants, through their counsel, and requested that Defendants cease using the acronym SLUCP (and any other acronym using SLU's trademarks), cease use of the SLU Marks in any domain name or name of any Facebook page, and additionally disclaim affiliation, sponsorship or approval by SLU of any criticism or commentary they wished to post publicly about SLU or Dr. Mandy Rice's lawsuit proceedings such that Internet users would not be so confused and misled.

18. Defendants refused to comply with SLU's reasonable requests and wrongly contend that SLU's legitimate efforts to protect its intellectual property and avoid public confusion through narrowly tailored requests for amicable relief are an attempt to "silence its critics."

## COUNT I
### (Cyberpiracy in violation of 15 U.S.C. § 1125(d))

19. SLU realleges and incorporates by reference Paragraphs 1 through 18 as though fully set forth herein.

20. Upon information and belief, Defendants registered the domain name slucomplianceproject.org on or around June 22, 2017.

21. At the time of this registration, the SLU Marks were famous within the meaning of 15 U.S.C. § 1125(c).

22. Upon information and belief, Defendants have used and continue to use the domain name slucomplianceproject.org today.

23. The domain name slucomplianceproject.org is confusingly similar to the SLU Marks.

24. In registering and using the domain name slucomplianceproject.org, Defendants intended to divert consumers and the public from SLU's website to "St. Louis University Medical School Compliance Project (SLUCP)" in order to harm the goodwill represented by the SLU Marks and tarnish or disparage the Marks by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of their website.

25. Defendants have a bad faith intent to profit from the SLU Marks insofar as their website and Facebook page are an attempt to influence and affect the outcome of Mandy Rice's lawsuit for her personal gain, including tainting potential jurors who may decide Mandy Rice's pending lawsuit against SLU and for settlement leverage as opposed to true criticism and commentary which might otherwise be protected.

## COUNT II
### (Dilution in Violation of Missouri Revised Statute § 417.061)

26. SLU realleges and incorporates by reference Paragraphs 1 through 25 as though fully set forth herein.

27. SLU owns and enjoys common law rights in Missouri to the SLU Marks that are superior to any rights Defendants may claim with respect to their website or Facebook page.

28. Defendants' unauthorized and deceptive use of the SLU Marks blurs and erodes the public's exclusive identification of the Marks with the University and tarnishes the positive associations of the SLU Marks.

29. Defendants' unauthorized and deceptive use of the SLU Marks are likely to cause injury to SLU's business reputation and dilute the distinctiveness of the SLU Marks unless the Court enjoins Defendants' unlawful activity.

30. Defendants' conduct is deliberate and willful.

31. SLU has no adequate remedy at law.

## COUNT III
### (Dilution in Violation of 15 U.S.C. § 1125(c))

32. SLU realleges and incorporates by reference Paragraphs 1 through 31 as though fully set forth herein

33. The SLU Marks have become sufficiently well recognized by the general public to be deemed famous marks within the meaning of 15 U.S.C. § 1125(c)(2)(A).

34. Defendants' unauthorized and deceptive use of the SLU Marks in commerce has caused damage to the Marks' reputation, and will continue to cause harm if the Court does not enjoin Defendants' unlawful activity.

35. Defendants' conduct is deliberate and willful.

36. SLU has no adequate remedy at law.

## COUNT IV
### (Misuse of a Benevolent Society's Name in Violation of Missouri Revised Statute § 417.150)

37. SLU realleges and incorporates by reference Paragraphs 1 through 36 as though fully set forth herein.

38. SLU was formed as a Missouri benevolent corporation under the laws of the State of Missouri on December 28, 1832.

39. SLU has continuously used the name St. Louis University since its formation in 1832.

40. In or around July or August of 2017, Defendants launched a website, slucomplianceproject.org, for "St. Louis University Medical School Compliance Project (SLUCP)" and Facebook page (https://www.facebook.com/slucomplianceproject) for "St. Louis University Compliance Project (SLUCP)."

41. Defendants' use of the names "St. Louis University Medical School Compliance Project (SLUCP)" and "St. Louis University Compliance Project (SLUCP)" so resemble the name of St. Louis University as to be a colorable imitation thereof in violation of Section 417.150.1 of the Missouri Revised Statutes and all relief authorized thereunder shall be granted.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff St. Louis University demands a trial by jury as to all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff St. Louis University respectfully requests judgment in its favor and against Defendants:

A. Pursuant to 15 U.S.C. §§ 1116(a) & 1125(c)(1) and other applicable law, temporarily, preliminarily, and permanently enjoining Defendants from using the marks ST. LOUIS UNIVERSITY, SAINT LOUIS UNIVERSITY and SLU or any other similarly confusing name;

B. Pursuant to 15 U.S.C. §§ 1116(a) & 1125(d)(1)(c) and other applicable law, ordering Defendants to transfer the domain name slucomplianceproject.org to Plaintiff St. Louis University;

C. Pursuant to 15 U.S.C. §§ 1117(a) & 1125(c)(5) and other applicable law, awarding Plaintiff St. Louis University Defendants' profits derived by reason of their unlawful acts;

D. Pursuant to 15 U.S.C. §§ 1117(a) & 1125(c)(5) and other applicable law, awarding Plaintiff St. Louis University damages for Defendants' dilution of SLU's marks to

compensate SLU for loss of revenue and donations and damage to its goodwill and reputation as a result of Defendants' unlawful acts;

E. Pursuant to 15 U.S.C. §§ 1117(a) & 1125(c)(5) and other applicable law, awarding Plaintiff St. Louis University its attorneys' fees and costs;

F. Pursuant to 15 U.S.C. § 1117(d) and other applicable law, awarding Plaintiff St. Louis University statutory damages up to $100,000 per domain name unlawfully used; and

G. Awarding such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: September 12, 2017

**LEWIS RICE LLC**

By:  /s/ *Bridget G. Hoy*
Bridget G. Hoy, #50733MO
Jennifer L. Gustafson, #60630MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri  63101
bhoy@lewisrice.com
jgustafson@lewisrice.com
(314) 444-7837 (Telephone)
(314) 612-7837 (Fax)

*Attorneys for Plaintiff St. Louis University*